UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SMITH, JR.,

       Plaintiff,

                                CASE NO. 06-CV-11738-FL
                                JUDGE PAUL V. GADOLA
                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WILLIAM SMITH, JR.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S COMPLAINT (Doc. Ent. 1)**

**I.     RECOMMENDATION:** The Court should dismiss plaintiff's complaint without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  (Doc. Ent. 1).

**II.     REPORT:**

**A.     Procedural History**

**1.     Plaintiff's previous prisoner civil rights cases**

On June 14, 1991, plaintiff filed a prisoner civil rights complaint in the United States District Court for the Western District of Michigan against Raymond Toombs and Frank J. Kelley.  Case No. 1:91-CV-00499-RAE-DAR (*Smith v. Toombs, et al.*).  On June 28, 1991, Magistrate Judge Rowland entered a report and recommendation that the case be dismissed as frivolous.  On July 31, 1991, Judge Enslen entered judgment approving and adopting the magistrate's report and recommendation as the opinion of the Court.  A notice of appeal was filed on April 2, 1992.  On May 1, 1992, Judge Enslen denied plaintiff's request to proceed on

appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a).  On June 18, 1992, Magistrate Judge Rowland rejected plaintiff's motion for default judgment as the case was closed and on appeal.  The Sixth Circuit filed an order dismissing the case for late notice of appeal and denying as moot motions for miscellaneous relief.  *Palmer v. Toombs, et al.*, No. 92-1488 (6th Cir. Aug. 14, 1992).

On May 25, 1993, plaintiff filed a prisoner civil rights complaint in the Western District against Doctor Simons.  Case No. 2:93-CV-00128-GJQ-TPG (*Smith v. Simons*).  On September 15, 1993, Judge Quist entered judgment that plaintiff's complaint was dismissed as frivolous and without merit and that should plaintiff seek to appeal, in forma pauperis status is denied.  Plaintiff filed a motion to strike the September 15, 1993 opinion and order, but Judge Quist denied the motion to strike on February 4, 1994.  It does not appear that an appeal was filed with the Sixth Circuit.

On November 20, 1997, plaintiff filed a prisoner civil rights complaint in this Court against Judge James R. Chylinski.[1]  Case No. 2:97-CV-75615-LPZ.  On November 26, 1997, Judge Zatkoff entered an order dismissing the complaint pursuant to 28 U.S.C. 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Plaintiff filed an appeal and moved for the appointment of counsel.  The Sixth Circuit described plaintiff's complaint as follows:

> Smith filed his complaint in the district court making largely unintelligible allegations that the defendant state court judge permitted him to be convicted of state criminal charges based upon perjured testimony.  Plaintiff named the defendant judge in an unspecified capacity, and plaintiff did not set out a clear request for relief.

*Smith v. Chylinski*, No. 97-2354, 1999 WL 253553, *1 (6th Cir. Apr. 23, 1999).  In part, the Sixth Circuit stated that "the district court correctly noted that plaintiff's claim is largely unintelligible

---

[1] Judge Chylinski is currently located at Detroit's 3rd Circuit Court.  *See* www.michbar.org, "Member Directory".

from the complaint." *Smith*, 1999 WL 253553, *1.  Ultimately, the motion for counsel was denied and the judgment of the district court was affirmed.  *Id*.

On September 16, 2002, while incarcerated at Alger Maximum Correctional Facility (LMF), plaintiff William Smith, Jr. (Prisoner No. 179571) filed a prisoner civil rights complaint against defendant Badawi Abdellatif, M.D. in the Western District of Michigan.  Case No. 2:02-CV-00141-RHB-TPG.  On January 10, 2003, Judge Bell entered an opinion concluding that plaintiff had failed to state a claim and dismissing the case pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).  It does not appear that an appeal was filed with the Sixth Circuit.[2]

**2.      The instant prisoner civil rights case**

On April 11, 2006, plaintiff, still incarcerated at LMF, filed the instant case - a form prisoner civil rights complaint against defendant Williams Smith, Jr. of River Rouge, Michigan. (Doc. Ent. 1).  The filing totals twenty-four (24) pages in length:  five (5) of those pages are plaintiff's form complaint, seventeen (17) pages are various attachments and two (2) pages are the Court's prisoner cover sheet.  Plaintiff paid the $250.00 filing fee on April 24, 2006.

Plaintiff filed a notice of appeal on June 21, 2006.  (Doc. Ent. 4).[3]  This case was assigned Sixth Circuit Court of Appeals Case No. 06-2076.  (Doc. Ent. 6 at 1).[4]

---

[2] On February 9, 2006, Magistrate Judge Greeley entered an order rejecting pleading.  One of the items rejected was an October 25, 2005 letter from the Sixth Circuit returning certain papers to plaintiff.

[3] Although file stamped in this Court on August 7, 2006, the document was received by the Sixth Circuit on June 21, 2006. (Doc. Ent. 4 at 1).

[4] Judge Gadola referred the instant case to me on October 16, 2006.  (Doc. Ent. 7).

**3.     Plaintiff's petition for writ of habeas corpus (Case No. 2:06-CV-11799-GCS-MKM, *Smith v. Smith [Bergh]*)** [5]

On April 14, 2006, three days after he filed the instant complaint, plaintiff filed a petition for writ of habeas corpus regarding his May 11, 1985 convictions for Mich. Comp. Laws §§ 750.84 ("Assault with intent to do great bodily harm less than murder") and 750.89 ("Assault with intent to rob and steal; armed") in Detroit Recorder's Court File No. 83-04088 (*People v. William Smith, a.k.a. Dewitt Palmer*).[6] He filed an amended petition on May 1, 2006.

On July 6, 2006, Judge Steeh entered an order of dismissal. On September 6, 2006, he entered an order declining to grant a certificate of appealability and granting leave to proceed in forma pauperis on appeal. Plaintiff filed a notice of appeal on June 21, 2006.[7] This case was assigned Sixth Circuit Court of Appeals No. 06-2060. (Doc. Ent. 6 at 1).

**4.     The Sixth Circuit's order regarding appeal Nos. 06-2060 (the habeas case) and 06-2076 (the instant case)**

On September 18, 2006, the Sixth Circuit dismissed these appeals "because there was no decision entered at the time the plaintiff's motion was filed as a notice of appeal." The Sixth Circuit also denied "plaintiff's request in the June 21, 2006 motion for appointment of counsel,

---

[5] David L. Bergh is the Warden at LMF. *See* www.michigan.gov/corrections.

[6] The amended judgment of sentence notes that plaintiff was convicted by a jury on April 30, 1985 and was sentenced on May 9, 1985. Case No. 06-CV-11799 (Doc. Ent. 7 at 35-36). The Michigan Court of Appeals affirmed plaintiff's conviction on September 28, 1988 (COA Case No. 91053). Case No. 06-CV-11799 (Doc. Ent. 1 at 6-10).

[7] Although file stamped in this Court on August 7, 2006, the document was received by the Sixth Circuit on June 21, 2006. Case No. 06-11799 (Doc. Ent. 11 at 1).

and for copies of the record and transcript[.]" *Smith v. Smith, Jr.*, Nos. 06-2060 & 06-2076 (6th Cir. Sept. 18, 2006); Doc. Ent. 6.

**B.      Applicable Law**

**1.      Fed. R. Civ. P. 8**

Rule 8(a) governs claims for relief. It provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). A dismissal pursuant to Fed. R. Civ. P. 8(a)(2) may be without prejudice. *See Byington v. Warden, Federal Medical Center*, 116 Fed. Appx. 563, 565 (6th Cir. 2004) (affirming district court's order dismissing without prejudice petition for writ of habeas corpus based upon Rules 8(a)(2) and 8(e)(1)[8] "to give [petitioner] a chance to substantiate his claims of exhaustion.").

**2.      28 U.S.C. § 1915A ("Screening")**

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–(1) is frivolous, malicious, or fails to state a claim upon which

---

[8]"Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e)(1).

relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A dismissal pursuant to 28 U.S.C. § 1915A(b)(1) may be without prejudice. *See Finley v. Densford*, 90 Fed. Appx. 137 (6th Cir. 2004) (affirming district court's order dismissing the complaint without prejudice pursuant to § 1915A(b)(1)).

**D.     Analysis**

I conclude that plaintiff's April 11, 2006 complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To begin, the Seventh Circuit has stated that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994). *See also Nautica Intern., Inc. v. Intermarine USA*, L.P. 5 F. Supp. 2d 1333, *1340 (S. D. Fla. 1998) ("Although the Court recognizes that the Complaint is far from a picture of clarity, the Complaint certainly meets the minimal requirements of [Fed. R. Civ. P. 8], providing [defendant] with sufficient notice to answer.").

Also, the Tenth Circuit, albeit in an unpublished case, has stated: plaintiff's complaints "consist of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [plaintiff's] claims. Even giving his *pro se* complaints liberal construction, [plaintiff] fails to satisfy the Rule 8(a)(2) requirement for a short and plain statement of claims showing he is entitled to relief. Thus, his complaint fails to give the opposing parties a reasonable and fair notice of the basis of the complaint, placing an impermissible burden on them to identify his specific legal claims." *Bishop v. Romer*,

Nos. 98-1294, 98-1296, 1999 WL 46688, *3 (10th Cir. Feb. 3, 1999) (concluding that "the district court did not abuse its discretion in dismissing Mr. Bishop's § 1983 complaint without prejudice.").

Additionally, district courts within the Sixth Circuit have stated: "The complaint, as drafted, presents this Court with a management problem since 'the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits.'" *Taylor-Shelby v. United States*, No. 06-2190-M1/P, 2006 WL 1699535, *4-*5 (W. D. Tenn. June 15, 2006) (citing *Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E. D. Tenn.1975) and ordering plaintiff to file an amended complaint that complies with Fed. Rules Civ. P. 8 and 10); *Powers v. NWA, Inc.*, No. 05-2468-B/P, 2006 WL 456184, *5-*6 (W. D. Tenn. Feb. 23, 2006) (same and ordering plaintiff to file an amended complaint that complies with Fed. R. Civ. P. 8); *Hayes v. City of Memphis*, No. 05-2230-D/V, 2005 WL 2008240, *3-*9 (W. D. Tenn. Aug. 17, 2005) (same and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)[9] dismissed a portion of complaint without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 10(b)).

With this case law in mind, the Court evaluates the complaint at bar. "[W]here the complaints filed are so confusing that the defendants cannot possibly file meaningful replies they must be stricken for noncompliance with Rule 8(a)." *King v. Fayette County*, 92 F.R.D. 457, 458 (W. D. Pa. 1981) (citing *U. S. ex rel. Dattola v. National Treasury Emp. Union*, 86 F.R.D. 496, 499) (W. D. Pa. 1980)) ("We find the complaints in these cases so confusing and vague that no party can possibly understand and reply to them. Therefore, they are deficient under Rule 8(a)

---

[9] 28 U.S.C. § 1915 ("Proceedings in forma pauperis")

**7**

and we dismiss them for the reasons set forth in Dattola."). Judge Steeh cited *King* in his July 6, 2006 order of dismissal in plaintiff's habeas case, after which Judge Steeh stated, "[p]etitioner has not submitted an intelligible ground for relief or a plain statement showing entitlement to relief. In fact, it is unclear from the habeas petition and miscellaneous papers filed in support whether Petitioner is attacking his state conviction, is contesting a prison disciplinary matter, or is complaining of some other matter." Case No. 06-11799 (Doc. Ent. 8 at 3).

Close inspection of the instant complaint reveals that it is cryptic. The plaintiff and defendant bear the same name, although one resides at LMF and the other in River Rouge, Michigan.[10] Plaintiff claims to sue one defendant in his/her official capacity; however, the plaintiff and defendant seem to be one and the same, as the title "Jr." is listed under both "Plaintiff's Information" and "Defendant's Information". (Doc. Ent. 1 at 1).

Even if the Court could discern the appropriate defendant in this case and entered an order directing the U. S. Marshal to serve the complaint upon that defendant, he or she would likely not be able to make sense of the April 11, 2006 complaint. In Section I of the complaint ("Previous Lawsuits"), plaintiff mentions Western District of Michigan Case No. 2:02-CV-00141-RHB-TPG (for which it does not appear that an appeal was filed) and Sixth Circuit Case No. 97-2354 (the appeal from Case No. 2:97-CV-75615-LPZ). Even though this section concerns other lawsuits, it is not clear what plaintiff means when he lists the disposition of the listed case(s) as "This bes Thi, Jurisdicition - Questions Involved; Jury Demand[.]" Doc. Ent. 1 at 2.

---

[10]According to www.whitepages.com, reverse address search, the address listed on the complaint (523 Frazier [Street], River Rouge, Michigan 48218[-1026]) is attributed to a William Smith.

In Section II of the complaint ("Administrative Remedies"), plaintiff claims to have filed Step I through Step III grievances, but his explanation is not clear:

> Matters that's be's contain violation from non-complince which relates upon unto this here's; theres attached appendiex's II of III also too thus this it be's in addition to steps statements of issue; there this to attachedment's appendies of complacintcy's! The [P.L.S.M.] notices of this then these of intents[.]

Doc. Ent. 1 at 3. Even though this paragraph mentions attached appendices "II of III" and mentions the PLSM (presumably Prison Legal Services of Michigan, Inc.), it is difficult to comprehend. Furthermore, he writes in paragraphs (2) and (3) - questions reserved for federal detainees, and these writings (even though they contain discernable words such as jurisdictional questions, representation about appointment of retained counsel, motion to strike, motions to quash, justice, laws, unresolved deficiencies, objections and rejection), too, are difficult to understand. (Doc. Ent. 1 at 3-4).

Plaintiff does attach three MDOC Step I grievance forms to his complaint: (1) one dated February 2, 2003 regarding a January 29, 2003 incident and mentioning Dr. Abdellatiff; (2) another dated October 7, 2005 regarding a September 20, 2005 incident and mentioning Ms. Heather Newman, the Detroit Free Press, and *Heit v. Ochten*;[11] and (3) another dated October 7, 2005 regarding a September 20, 2005 incident and mentioning Mike Rynes, ADW Deberg, RUM Grahm, ARUM Johnson, Detroit Recorder's Court File No. 83-04088, James R. Chylinski, Parole Eligibility Reports, *Shabazz v. Gabry*, 900 F. Supp. 118 (E. D. Mich. 1995);[12] and Mich.

---

[11] Presumably, plaintiff is referring to *Heit v. Van Ochten*, 126 F. Supp. 2d 487 (W. D. Mich. 2001).

[12] This case was reversed in part and affirmed in part by *Shabazz v. Gabry*, 123 F.3d 909 (6th Cir. 1997).

Comp. Laws § 791.244.[13] (Doc. Ent. 1 at 14-16). While the grievances mentioning Abdellatiff and Chylinski may be related to the previous cases filed against these defendants, the attachment of these grievance forms does not clarify plaintiff's claim(s) in the instant complaint.

Section III of the complaint ("Statement of Facts"), mentions neglect; culpable negligence; violations of constitutional and civil rights; procedural due process; the 3rd, 4th & 5th Amendments; and equal protection. However, it does not set forth any factual circumstances in support of plaintiff's claim(s). (Doc. Ent. 1 at 4).

In Section IV of the complaint ("Relief"), plaintiff mentions "im[m]unities", "Step IV" and $100.000.00. This suggests that plaintiff is seeking at least $100,000.00 in relief; even so, the remainder of this paragraph does not assist the Court in understanding the rest of plaintiff's complaint. (Doc. Ent. 1 at 5).

Additionally, the complaint's attachments concern diverse subject matter. Among the seventeen (17) pages of attachments to plaintiff's complaint are documents concerning savings bonds (Doc. Ent. 1 at 6-7, 10-11); an October 26, 1988 remittitur of record from the Michigan Court of Appeals - presumably regarding the court's September 28, 1988 decision affirming plaintiff's May 1985 conviction in Detroit Recorder's Court File No. 83-04088 and (Doc. Ent. 1 at 8); citations to Mich. Comp. Laws Chapter 330 (Mental Health Code), as well as several citations to the Michigan Court Rules[14] (Doc. Ent. 1 at 9); a notice to plaintiff in Case No. 2:02-

---

[13] Chapter III of Michigan Compiled Laws concerns the Bureau of Pardons and Paroles and the Parole Board.

[14] Plaintiff's citations to the Michigan Court Rules are included in the following subchapters: 2.000 (General Provisions); 3.300 (Extraordinary Writs); 3.600 (Miscellaneous Proceedings); 5.780 (Miscellaneous Proceedings); 5.800 (Appeals); 9.100 (Attorney Grievance Commission; Attorney Discipline Board).

CV-00141-RHB-TPG regarding new case and public access (Doc. Ent. 1 at 12); the first-page of an October 15, 2005 motion for reconsideration addressed to the Sixth Circuit but bearing Case No. 2:02-CV-00141-RHB-TPG (Doc. Ent. 1 at 13); a September 9, 1999 letter from Sandra Girard (Executive Director of Prison Legal Services of Michigan, Inc. [PLSM]) to plaintiff regarding parole (Doc. Ent. 1 at 17); a June 21, 1991 letter from Marjorie Van Ochten (MDOC Hearings Division Administrator) to Sandra Girard (PLSM Director) (Doc. Ent. 1 at 18-19); an April 16, 1998 letter from the Sixth Circuit setting forth the briefing schedule for the appeal of Case No. 2:97-CV-75615-LPZ (Appeal No. 97-2354) (Doc. Ent. 1 at 20); and the November 18, 2005 docket sheet for Case No. 2:02-CV-00141-RHB-TPG (Doc. Ent. 1 at 21-22).

The factual bases for plaintiff's complaint are difficult to discern. Furthermore, plaintiff's complaint is likely too unclear, as filed, to permit a defendant to answer it. Therefore, the Court should dismiss plaintiff's complaint without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 28 U.S.C. § 1915A(b)(1)[15] for failure to state a claim upon which relief may be granted.[16]

---

[15] "Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

[16] The Sixth Circuit recently held that "that when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. Aug. 29, 2006) (internal citation omitted). However, this holding may not extend to other types of dismissals. *See Reeves v. Gilman*, No. 1:06-cv-483, 2006 WL 2830065, *1 (W. D. Mich. Oct. 2, 2006) (stating "While the instant complaint is a re-filing of Reeves v. Gilman et al.,

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

4:04-cv-108 (W.D.Mich.), the previous action was not dismissed without prejudice for failure to exhaust administrative remedies. Rather, the Court dismissed Plaintiff's action without prejudice because he purposefully failed to disclose his previous lawsuits and instead, in a deceptive manner, disclosed only one prior lawsuit. As Plaintiff's previous action was not dismissed for lack of exhaustion, the Court properly assessed the filing fee in this case[,]" and dismissing without prejudice prisoner civil rights complaint).

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated:   November 8, 2006

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Report and Recommendation** was served on the **William Smith, #179571, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising MI 49862** by U.S. Mail on **November 8, 2006.**

s/Kim Grimes<br>
Acting in the absence of<br>
Eddrey Butts, Case Manager